FARMERS LOAN & TRUST CO., EXECUTOR, ESTATE OF SUSAN K. THORN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18234. Promulgated April 24, 1929.

*Russell L. Bradford, Esq.*, for the petitioner.
*L. S. Pendleton, Esq.*, for the respondent.

184

OPINION.

TRAMMELL: In the return filed for the estate there was reported as a part of the gross estate previously taxed property in the amount of $331,157.67. In his determination, the respondent reduced this amount to $331,150.17. As to this action of the respondent, there is no controversy. In the return a deduction of $295,933.62 for previously taxed property was taken against the total gross estate.

The respondent has determined that the amount allowable as a deduction for previously taxed property is only $186,481.93. In determining this amount, the respondent has reduced the deduction taken in the return, among other amounts, by (1) $40,137.70, representing a portion of funeral expenses, executor's commissions, attorneys' fees, miscellaneous administration expenses and debts of the decedent totaling $45,660.88, which amount he found to be deductible and allowed as a deduction in determining the net taxable estate, and (2) by $38,960.35, representing an amount taken for previously taxed property upon the ground that he was unable to identify it as previously taxed property or property acquired in exchange for such property.

The petitioner contends that the respondent's action in reducing the deduction taken for previously taxed property by the above men-

tioned amounts of $40,137.70 and $38,960.35 is erroneous, and that the reductions should not be made.

With respect to the amount of $40,137.70, the evidence shows that the respondent reduced the deduction for previously taxed property upon the ground that it was not shown by the estate whether the amount was paid out of the property or funds of the estate of Susan K. Thorn other than property received from the estate of her husband. The evidence clearly shows that at all times there were sufficient funds in the estate of Susan K. Thorn over and above specific legacies that did not originally come from the estate of William E. Thorn to defray all administration expenses and debts of the decedent. We think our decision in *Seaboard National Bank of New York, Executor*, 11 B. T. A. 1386, is applicable and controlling here. In accordance with our decision in that case, the contention of the petitioner as to this item is allowed.

With respect to the amount of $38,960.35, Susan K. Thorn received as legatee from the estate of William E. Thorn, among other property, stocks and bonds on which the Federal estate tax was paid. She placed these stocks and bonds in the "Custodian Account." Prior to her death certain of the bonds were sold at her direction and certain other bonds were called for redemption. A partial return of capital was received from some of the stock. With respect to other stock, rights to acquire additional shares of such stock were sold for $2,170.20. The proceeds from these transactions were placed in the "Custodian Account." Susan K. Thorn also transferred to the account $6,662.15 in cash. Of the total of the amounts thus placed in the "Custodian Account," all except $833.98 was used in purchasing certain securities which were held in the "Custodian Account" at the time of the death of Susan K. Thorn.

The securities acquired in the above described manner are reported in the estate-tax return for the estate of Susan K. Thorn, as a part of the gross estate, as previously taxed property and as having a fair market value of $48,011.25 at the date of her death. The bonds that were sold or redeemed were reported in the return as a part of the deduction for previously taxed property at an amount of $45,622.50. The respondent refused to allow the deduction of $45,622.50, upon the ground that he was unable to identify the property reported as a part of the gross estate as previously taxed property or property acquired in exchange for such property. It is conceded by the petitioner that the $6,662.15 in cash transferred by Susan K. Thorn to the "Custodian Account" and used in the purchase of securities can not be identified as having been included in the estate of William E. Thorn. The petitioner contends, however, that the difference between the $45,622.50 and the $6,662.15, or $38,960.35, is deductible as

representing property acquired in exchange for previously taxed property.

A cash account that was kept for the "Custodian Account" shows that except on two occasions there were sufficient funds on hand from the sale or redemption of bonds, the partial return of capital, and the $6,662.15 in cash transferred by Susan K. Thorn to the "Custodian Account" to purchase the securities reported as a part of the gross estate as previously taxed property, without resorting to the proceeds from the sale of stock rights. The cash account shows that at one time when securities were purchased the cash from sources other than from the sale of stock rights was insufficient by $1,006.97 to pay for the securities then being purchased. Consequently, cash in the amount of $1,006.97 from the sale of stock rights was used. At another time cash in the amount of $329.25 from the sale of stock rights was used in making payment for securities. The total amount from this source, therefore, was $1,336.22. With the exception of that amount, we are of the opinion that the amount here in controversy represents property purchased with the proceeds from the sale, redemption or liquidation of property received by Susan K. Thorn from the estate of her husband.

The evidence shows that with the exceptions heretofore indicated the securities purchased were acquired from the sale, liquidation or redemption of securities actually received by Susan K. Thorn from the estate of her husband. We are therefore of the opinion that $37,624.13 is allowable as a deduction representing property identified as acquired by Susan K. Thorn in exchange for previously taxed property of that value received from the estate of her husband. *Elmer E. Rodenbough, Executor*, 1 B. T. A. 477, 482; *Rodenbough* v. *United States*, 25 Fed. (2d) 13.

Among the property received by Susan K. Thorn from the estate of her husband were shares of stock in Consolidated Gas Co. of New York which were held by her in the "Custodian Account" at the time of her death. Rights to subscribe to additional shares of stock were sold and the proceeds placed in the "Custodian Account." Of the proceed, $1,336.22 was used in purchasing the securities involved here. While the record shows that the first sale of the rights was made about December 21, 1922, and another about December 21, 1923, it does not show whether the rights were issued and outstanding at the time of the death of William E. Thorn, and whether they were taxed as a part of his estate. Neither does it appear at what value the stock of Consolidated Gas Co. of New York was taxed to the estate of William E. Thorn. Granting for the sake of argument that the rights were issued subsequent to the death of William E. Thorn, and that they were not taxed in his estate, we are unable

to determine whether $1,336.22 of the proceeds from their sale plus the fair market value of the stock of the Consolidated Gas Co. of New York at the time of the death of Susan K. Thorn exceeds the amount at which the stock was taxed to the estate of William E. Thorn. If the $1,336.22 of the proceeds from the sale of rights that was used in the purchase of other securities, plus the fair market value at the date of the death of Susan K. Thorn of the stock of the Consolidated Gas Co., does not exceed the amount at which the stock was taxed in the estate of William E. Thorn, then the $1,336.22 is to be considered as previously taxed property. *Blair* v. *Dustin*, 30 Fed. (2d) 774. Since we are unable to determine from the record whether such is the situation here, we must approve the action of the respondent in so far as the amount of $1,336.22 is involved.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*